**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4098-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PHILIP S. PATRICK,

     Defendant-Appellant.

_____

Submitted January 6, 2021 – Decided  February 19, 2021

Before Judges Whipple and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-02-0181.

The Anthony Pope Law Firm, PC, attorney for appellant (Annette Verdesco, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Philip S. Patrick, appeals from an April 16, 2019, order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.

We previously set forth the facts in this matter in State v. Patrick, A-5597-13 (App. Div. Oct. 18, 2016) (slip op. at 2-11) and need only repeat the pertinent facts and procedural history. After a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2), second-degree possession of a weapon (firearm) for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon (handguns), N.J.S.A. 2C:39-5(b), defendant was sentenced to an aggregate fifty-five years, subject to eighty-five percent parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant raises the following issue on appeal:

> POINT ONE: The Trial Court Committed Reversible
> Error in Denying Appellant's Motion for [PCR].

Defendant's April 12, 2018, PCR petition raised several assertions of ineffective assistance of trial counsel, including his lawyer's failure to adequately address the issue of accomplice liability. Defendant also asserted his trial counsel should have objected to certain testimony from prosecution witnesses Edwin Price, a jailhouse informant, and Shameka Monroe, defendant's girlfriend. He also believes his attorney should have objected to remarks made

2

by the prosecutor in closing. Finally, defendant asserts his counsel was ineffective because he called no witnesses during trial. Defendant argues counsel should have called defendant's mother as a fact witness, along with a doctor who opined defendant had post-traumatic stress disorder. Having reviewed the record on appeal, we affirm for the reasons Judge Daniel R. Lindemann expressed in his thorough written opinion and add the following comments.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). The defendant must show that (1) counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" of the United States Constitution; and (2) the defect in performance prejudiced his or her rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard).

Judge Lindemann correctly applied these principles and thoroughly addressed each asserted error raised in the PCR petition, searching the record

3

for demonstration of a reasonable probability that if counsel had done these things the result of the trial would have been different. He ultimately concluded they would not.

The record fully supports Judge Lindemann's findings and conclusions that defendant did not establish a prima facie case of ineffective assistance of counsel. Accordingly, an evidentiary hearing was not necessary or warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4098-18